IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHILLING CONSTRUCTION COMPANY, INC. ,
A KANSAS CORPORATION,

        Plaintiff,

vs.                              Case No. 12-4077- JTM

ARR-MAZ PRODUCTS, L.P.,
A DELAWARE LIMITED PARTNERSHIP,

        Defendant.

MEMORANDUM AND ORDER

The court has before it Defendant Arr-Maz's Motion to Dismiss, Transfer, or Stay (Dkt. 14). Arr-Maz argues that the plaintiff's claims are the same as the ones it has advanced in a patent infringement action currently before the United States District Court for the Northern District of Oklahoma, *Arr-Maz Products, L.P. v. Shilling Const. Co., Inc.,* 2012 WL 5251191 (N.D. Okla. Oct. 24, 2012). Under the first-to-file rule, Arr-Maz argues that this court should dismiss the action or, in the alternative, transfer or stay the case. After consideration of all arguments by both sides, the court grants Arr-Maz's Motion and dismisses the case.

**I. Background**

Shilling Construction Company, Inc. is an asphalt paving company located in Manhattan, Kansas. Dkt. 1 ¶3. Arr-Maz Products, L.P. markets chemicals and surface paving technologies and is incorporated in Delaware with its principal place of business in Florida. *Id.* Prior to the case at hand, on June 4, 2012, Arr-Maz filed a Complaint in the Northern District of Oklahoma accusing Shilling of infringing the United States Patent No. 7,802,947, etitled "Rut Resisting

Coating and Method of Applying Rut Resistance Coating" (hereinafter "the '941 Patent"). Dkt. 15, Exhibit A. On June 5, Arr-Maz's counsel e-mailed a copy of the Complaint to Shilling's counsel, requesting the acceptance of service on behalf of Shilling. Dkt. 15, Exhibit I at 2. Shilling's counsel responded, requesting that Arr-Maz e-mail him a full copy of the Complaint. Dkt. 15, Exhibit H. On June 8, Arr-Maz's counsel sent a full copy to Shilling's counsel, again requesting the acceptance of service. *Id.* On June 14, Arr-Maz's counsel had not received a response from Shilling's counsel. Counsel for Arr-Maz e-mailed Shilling's counsel again, asking if it would allow him to accept service. *Id*. Shilling's counsel responded that he would answer Arr-Maz's request on June 19. *Id*.  However, counsel for Shilling did not respond on June 19, so Arr-Maz arranged for service of the Summons and Complaint on Shilling by certified U.S. Mail. Service was completed on June 21.  That same day, Shilling's counsel responded to Arr-Maz's counsel's e-mail, stating he was not authorized to accept service on Shilling's behalf.

On June 12, before declining to accept service on behalf of its client, Shilling had filed a separate action against Arr-Maz in the District of Kansas. In its Complaint, Shilling requested that this court grant it a declaratory judgment finding Shilling has not infringed the '941 patent and that the '941 patent is invalid. Shilling then filed a motion in the Northern District of Oklahoma asking the court to dismiss Arr-Maz's Complaint or transfer the case to the District of Kansas. Shilling argued the Northern District of Oklahoma lacked personal jurisdiction, or in the alternative, the Northern District of Oklahoma was not a convenient forum.  In response, Arr-Maz argued that personal jurisdiction over Shilling in Oklahoma was proper and requested that the Northern District Oklahoma enjoin Shilling from proceeding with the case in the District of Kansas, pursuant to the first-to-file rule.

The Northern District of Oklahoma held that it had personal jurisdiction over Shilling. *Arr-Maz Products, L.P. v. Shilling Const. Co., Inc.*, 2012 WL 5251191, at *4 (N.D. Okla. Oct. 24, 2012). The court also found that, "[b]ased on the earlier filing date of this case, the identity of the parties in both cases, and the complete overlap of issues, it is clear that the cases are substantially similar and this case should be treated as the first-filed case." *Id.* at *9. Applying the first-to-file rule, the court denied Shilling's request for a transfer of venue to Kansas, finding no reason why that forum would be substantially more convenient. *Id*. at *8. However, in deference to the District of Kansas, the court did not enjoin Shilling from prosecuting its case in Kansas. *Id.* at *9.

In the case at hand, Arr-Maz seeks dismissal of Shilling's claims that are identical to those it has advanced in the patent infringement action in the Northern District of Oklahoma. Arr-Maz argues that, under the first-to-file rule, the court should dismiss Shillings's Complaint or, in the alternative, transfer the action to the Northern District of Oklahoma, or grant a stay.

**II. Legal Standard**

The first-to-file rule states that "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir.1965). "As a general rule, the first-filed suit has priority." *Nacogdoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.,* 2007 WL 2402723, at *2 (D. Kan. Aug. 17, 2007). Precedent "overwhelming[ly] support[s] the assertion that the court in a second-filed case should not determine the initial question of which court applies the first-to-file rule." *Johnson v. Pfizer,* 2004 WL 2898076 at *2 (D.Kan. Dec. 10, 2004). The court in *Johnson* explicitly recognized that the second court may exercise its discretion to enforce the rule. *Id.*

Thus, although the first-to-file rule is generally enforced by the first court, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.,* 679 F. Supp. 2d 1287, 1297 (D. Kan. Jan. 12, 2010) (quoting *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir.1997)).

### III. Analysis

Arr-Maz argues that the Complaint filed in the Northern District of Oklahoma was the first case filed, so this court should dismiss the case before it in the interest of efficiency and judicial economy. In determining whether the first-to-file rule applies, the court must examine the chronology of the actions, the similarity of the parties involved, and the similarity of the issues at stake. *XTO Energy, Inc.,* 679 F. Supp. 2d at 1296. This court is mindful that "the purpose of the first-to-file rule—maximization of judicial economy—is most strongly in play when the second-filed case is a complete subset of the earlier action. *Id.* at 1297.

The U.S. District Court for the Northern District of Oklahoma has already analyzed in full whether the first-to-file rule should apply in this case. *See Arr-Maz Products, L.P. v. Shilling Const. Co., Inc.*, 2012 WL 5251191, at *8–9 (N.D. Okla. Oct. 24, 2012). This court agrees with the analysis set out by the Northern District of Oklahoma and adopts it in full, finding that the Oklahoma case must be treated as the first-filed case. The only issue remaining is whether this court should dismiss, transfer, or stay the second case.

Courts rarely dismiss claims pursuant to the first-to-file rule, preferring instead to transfer those claims to the court where the similar claims were filed first. *See Steavens v. Electronic Data Sys. Corp.,* 2008 WL 5062847, at *2 (E.D.Mich. Nov. 25, 2008) (*citing Elite Physicians Servs. v. Citicorp Credit Servs.,* 2007 WL 1100481, at *5 (E.D.Tenn. Apr. 11, 2007)). Shilling

argues that the court should transfer the claim to Kansas rather than dismiss the case. Arr-Maz argues that transfer is not justified because the claims contained in Shilling's Kansas Complaint are compulsory counterclaims that were required to be filed in the Oklahoma case. FED. R. CIV. P. 13(a) requires a pleading to state as a counterclaim any claim that- at the time of its service- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction. Because all claims alleged by Shilling fit Rule 13's definition of a compulsory counterclaim and will be necessarily presented in the Oklahoma case, transferring the same issues to Oklahoma would be duplicitous. The court concludes that transfer of the entire action is unjustified.

The court also declines to stay this case. "A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Boilermakers Nat'l Health & Welfare Trust v. Steele*, 2010 WL 2287477, at *5 (D. Kan. June 2, 2010). Shilling's counsel was on notice of the Complaint filed in the Northern District of Oklahoma on June 8, 2012, when Arr-Maz's counsel e-mailed the full Complaint and requested acceptance of service. Before responding to the e-mail, Shilling's counsel filed its Complaint with this court, asking for a declaratory judgment invalidating the '941 Patent or declaring that Shilling did not infringe on the patent. This court finds that Shilling filed an anticipatory action in an attempt to gain a declaratory judgment after its attorney was notified of the Complaint filed in Oklahoma. *See Boilermakers Nat'l Health & Welfare Trust*, 2010 WL 2287477, at *5. For the reasons set forth herein and in *Arr-Maz Products, L.P. v. Shilling Const. Co., Inc.*, 2012 WL 5251191 (N.D. Okla.

Oct. 24, 2012), the court dismisses this anticipatory declaratory judgment action without prejudice.

IT IS ACCORDINGLY ORDERED this 7th day of December 2012, that defendant's Motion to Dismiss (Dkt. 14) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE